UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS J. PEREZ-DELGADO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1161 (JAF)

(Crim. No. 11-362-10 (JAF))

**OPINION AND ORDER**

Petitioner, Luis J. Pérez-Delgado, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 11-362-10. (Docket No. 1.)

**I.**

**Background**

Along with forty-six codefendants, Petitioner was charged with a six-count indictment. (Crim. Docket No. 28.) Count One charged the defendants with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§841(a)(1), 846, and 860. (Id.) Count Six charged Petitioner and his codefendants with a conspiracy to possess firearms and ammunition during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(o).

On December 27, 2011, pursuant to a plea agreement entered under the provisions of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, Petitioner pled

guilty to Counts One and Six of the indictment. (Crim. Docket Nos. 535, 537.) On March 26, 2012, we sentenced Petitioner to an imprisonment term of one-hundred and thirty-five months. (Crim. Docket Nos. 856, 857.) No notice of appeal was filed and Petitioner's conviction became final on May 9, 2012. On February 26, 2013, Petitioner timely filed this petition, asserting two grounds of relief. (Docket No. 1.) The government opposed. (Docket No. 7.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts claims of ineffective assistance of counsel related to his plea agreement. To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

Petitioner claims that counsel was ineffective because he apprised counsel "of the fact that since 2004 he was not part of the drug conspiracy and he disengaged from it to obtain a productive work." (Docket No. 1 at 6.) However, the record undercuts Petitioner's assertions. At the change-of-plea hearing, Pérez-Delgado acknowledged his willing participation in the conspiracy:

> THE COURT: Very well. You have also signed a statement of fact, which is like a small, short, brief confession of what happened, and this is what you are agreeing to. The first thing you agreed to is that the conspiracy existed—in the case of Mr. Perez Delgado, two conspiracies: the drug conspiracy and the firearms conspiracy, and the rest of the others the conspiracy for drugs; that this conspiracy occurred and was in place for a number of years, from 2004 into the present. That doesn't mean that you were working in the conspiracy all the time. It means that these are the dates. The conspiracy—the statement of facts also mentions the kind of drugs that were

> distributed by members of the conspiracy and the amounts that the government could prove if the case were to be tried. The statement of facts also mentions the fact that this happened within 1,000 feet of the real property of a housing project…that you also joined the conspiracy for firearms, and indeed firearms related to the drug trafficking offenses of Count One. In the case of Mr. Perez Delgado, you are also basically accepting that you were an enforcer for the drug trafficking organization. As an enforcer you would possess and carry firearms to protect the leaders and other members of the drug trafficking organization, protect the narcotics and proceeds. You would also agree to possess and carry firearms with others to protect the drug points. You would also work as a runner and as a seller for the drug trafficking organization that dealt multikilo quantities of a number of substances, but you have a relevant conduct stipulation. You are accepting that you could be convicted of Counts One and Six. Is that so?
>
> DEFENDANT PEREZ DELGADO: Yes.

(Crim. Docket No. 1169 at 24-26.)

The record further reflects that at the sentencing hearing, when Pérez-Delgado seemed to downplay his role in the offense, the prosecutor intervened, and Pérez-Delgado once again acknowledged his knowing and voluntary participation in the conspiracy:

> MR. LOPEZ: Presentence Report. I'm sorry, Your Honor. It seems that the defendant is like limiting his responsibility, minimizing his participation in the conspiracy. And **we would like to make clear to the Court that the government has evidence that this defendant was actively participating in the conspiracy since 2004 till the date of his arrest**. So in that sense, we understand that it's time for the defendant to accept responsibility for his actions. And that's why we are recommending to the Court a sentence of 144 months as to Count I and 60 months as to Count VI.
>
> THE COURT: You are not denying—**are you denying that you participated since 2004 in the conspiracy?**

>       THE DEFENDANT: **No**.
>
>       THE COURT: **You accept that?**
>
>       THE DEFENDANT: **Yes.**

(Crim. Docket No. 1124 at 11-12) (emphasis added.)

It is a well-established principle of law that a defendant's "declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003) ("Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea."); United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (stating that the court will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (a defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy). Therefore, without more, we rely on the admissions Petitioner made in open court as being true.

Petitioner also challenges the effectiveness of his counsel by arguing that his role in the conspiracy was a minor one and that plea agreement reached by his counsel did not reflect this. The government, however, rightly points out that Petitioner participated in the conspiracy from 2004 to the date of his arrest. (Crim. Docket No. 1124 at 11-12). Furthermore, in addition to acting as an enforcer for the organization, Petitioner also performed roles as a runner, seller, and facilitator within the conspiracy. Such sustained and varied participation in a criminal conspiracy hardly warrants the adjective "minor". United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004) (to qualify as a minor

participant, a defendant must prove that he is both less culpable than his cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes); see also United States v. Gonzalez, 363 F.3d 15, 19 (1st Cir. 2004) (to qualify for "minimal" participant status requires a defendant to demonstrate a level of culpability lower than that of a "minor" participant, Martinez's alternative claim to "minimal" participant status fails *a fortiori*).

Finally, Petitioner argues that his trial counsel was ineffective for failing to object to the calculation of his offense level under the sentencing guidelines. Specifically, Petitioner claims the trial court double-counted and exposed him to double jeopardy by enhancing his drug offense sentence for Count 1 for possessing a firearm according to USSG § 1D1.1(b), while also sentencing him for a firearm offense on Count 6. The claim is meritless. When neither the Sentencing Commission guidelines nor an implied prohibition forbid double counting, it is permissible. See U.S. v. Chiaradio, 684 F.3d 265, 282-83 (1st Cir. 2012); see also United States v. Vizcarra, 668 F.3d 516, 525-27 (7th Cir. 2012) (collecting cases requiring a textual basis for prohibiting double counting). Under the general application rules in § 1B1.1, the same conduct may determine the base offense level and also trigger cumulative sentencing enhancements and adjustments *unless* the text of the applicable guideline explicitly states otherwise. Here, USSG § 1D1.1 does not forbid double-counting. Although here, the alleged double-counting occurred between two offenses -- an enhancement for firearm possession as part of Count 1 and the inclusion of firearm possession as an element of Count 6 -- that is no reason to deviate from the general rule. Petitioner committed two crimes, and the facts of one rendered the other more serious. It is hardly impermissible for the guidelines to take

account of circumstances, like firearm possession, that render *every* charge more serious and more deserving of punishment.

As to Petitioner's claim that he was placed in double jeopardy, Petitioner was indicted on, and convicted of, a charge of conspiring to violate § 924(c), which constitutes a violation of § 924(o). However, Sections 924(c) and 924(o) charge different offenses. Because each statute requires different levels of proof, and call for significantly different statutory penalties, they are different offenses. See Jones v. United States, 526 U.S. 227 (1999); see also United States v. Fowler, 535 F.3d 408, 422-423 (6th Cir. 2008) (stating that unlike § 924(c), however, § 924(o) by its terms does not require a consecutive sentence and, similarly, § 924(c)'s mandatory minimums do not textually apply to violations of § 924(o)); United States v. Clay, 579 F.3d 919, 933 (8th Cir. 2009) (stating that section 924(c) charges a completely different offense than section 924(o)). Likewise, Counts 1 and 6 charged Petitioner with different crimes, which relied on different elements. (Crim. Docket No. 3.) Charges that merely contain overlapping elements do not violate double jeopardy. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not"); see also United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005). Therefore, the trial court did not violate the Petitioner's right to be protected from double jeopardy, and Petitioner was properly charged and convicted. Since Petitioner's counsel could not have been ineffective for failing to raise losing arguments, he is not entitled to relief on this ground. See, e.g., Cofske v. United States, 290 F.3d 437, 444 (1st Cir. 2002) (counsel is

often well advised to choose the most promising arguments, and is not obliged to crowd a brief with less promising ones which may detract in order to provide effective assistance).

"We can well understand that petitioner does not enjoy his incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). Petitioner has made no argument that would indicate that his rights have been denied.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of her constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

**V.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of February, 2014.

                                                          S/José Antonio Fusté
                                                          JOSE ANTONIO FUSTE
                                                          U. S. DISTRICT JUDGE